## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

PATRICIA HARRIS, Individually　　　　)
And as Plaintiff Ad Litem for　　　　　)
GILBERT HARRIS, deceased,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　)
　　　　v.　　　　　　　　　　　　　　)　　　　Case No. 18-0424-CV-W-BP
　　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　　)

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION
## TO DISMISS COUNT I OF THE COMPLAINT

On June 1, 2018, Plaintiff, widow of Gilbert Harris ("Decedent"), filed this suit bringing

claims for Lost Chance of Survival, (Count I), and Wrongful Death, (Count II), under the Federal

Tort Claims Act ("FTCA"). On August 14, 2018, Defendant filed a motion to partially dismiss

for lack of subject matter jurisdiction, asserting that Plaintiff failed to satisfy the FTCA's

presentment requirement for her claim for Lost Chance of Survival (Count I). For the following

reasons, Defendant's motion for partial dismissal is **GRANTED** and Count I is **DISMISSED**.

## I. BACKGROUND

Decedent resided in a skilled nursing facility and had a medical history for multiple

sclerosis, traumatic brain injury, and neurogenic bladder. (Doc. 1, ¶ 13.) On May 12, 2016,

Decedent was admitted to the U.S. Department of Veterans Affairs urology clinic ("the VA") for

a bladder disorder, and the VA removed Decedent's indwelling catheter and inserted a new

indwelling penile Foley catheter. (Doc. 1, ¶ 14.) After returning to the skilled nursing facility,

Decedent had a fever and large amounts of blood and clotting at the end of his penis and in the

Foley bag. (Doc. 1, ¶ 15.) Decedent was transported via ambulance to an emergency department

at Nevada Regional Medical Center and then back to the VA for further treatment. (Doc. 1, ¶¶ 16-17.) When a CT scan showed the Foley catheter to have inflated, the catheter was replaced in the VA emergency department. (Doc. 1, ¶ 18.) On May 16, 2016, Decedent returned to the skilled nursing facility for hospice care, and approximately two weeks later he died from sepsis. (Doc. 1, ¶¶ 20-21.)

Before filing this action, Plaintiff submitted an administrative claim on a form designated for that purpose, known as an "SF-95" form. Plaintiff's SF-95 claimed she was entitled to damages from her deceased husband's wrongful death in the amount of $1,250,000. More specifically: Plaintiff is identified as the only claimant. In a blank directing the claimant to "state the nature and extent of each injury or cause of death," Plaintiff states that "[a]s a result of the insertion of an inflated Foley catheter balloon within [Decedent's] penile urethra and the failure to timely recognize the error, [Decedent] developed sepsis and/or urosepsis which ultimately caused his death." Plaintiff then left the blanks for "Property Damage" and "Personal Injury" empty and entered $1,250,000 as the "Total" for her amount of claim. (Doc. 7-1, p. 3.)[1]

After her claim was denied, Plaintiff filed this suit; as stated earlier, Count I asserts a claim for lost chance of survival and Count II asserts a claim for wrongful death. Defendant filed a motion to partially dismiss Count I because Plaintiff did not present this claim when she filed her SF-95. Plaintiff opposes the motion, arguing that she sufficiently exhausted her administrative remedies as required by the FTCA. The Court resolves these arguments below.

## II. DISCUSSION

Sovereign immunity bars any lawsuit against the United States except those in which the United States consents to be sued or waives immunity. *See Fed. Deposit Ins. Corp. v. Meyer*, 510

---

[1] All page numbers are those generated by the Court's CM/ECF system.

U.S. 471, 475 (1994). The FTCA acts as a limited waiver of sovereign immunity which "permit[s] persons injured by federal-employee tortfeasors to sue the United States for damages in federal court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc); *see also* 28 U.S.C. § 2674. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). An action under the FTCA is not permitted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . .'" 28 U.S.C. § 2675(a).

The Eighth Circuit has "long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader*, 654 F.3d at 805. The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement. *E.g., Sanchez v. United States,* 49 F.3d 1329, 1329–30 (8th Cir. 1995). Further, "[b]ecause presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Rule 12(b)(1) if the FTCA requirements are not met." *Daniels v. United States*, 135 Fed. App'x 900, 901 (8th Cir. 2005) (per curiam) (citing *Osborn v. United States,* 918 F.2d 724, 728–29 (8th Cir. 1990)). And, under Rule 12(b)(1), a court may rely on matters outside the pleadings when considering whether it has jurisdiction. *E.g., Osborn*, 918 F.2d at 729; *see also* Fed. R. Civ. P. 12(d) (stating that court is limited to review of the pleadings under Rules 12(b)(6) and 12(c) only). Therefore, the Court can consider the SF-95 (and other materials outside the pleadings) when determining whether Plaintiff properly presented the claim for lost chance of survival.

A claim is properly presented when a Federal agency receives:

(1) An executed Standard Form 95 or other written notification of an incident,

(2) A claim for money damages in a sum certain for personal injury or death alleged to have occurred by reason of the incident, and

(3) Evidence of the title or legal capacity of the person signing as an agent, executor, administrator, parent, guardian, or other representative.

*See Mader*, 654 F.3d at 798 (citing 28 C.F.R. § 14.2(a)). Plaintiff argues that correspondence from the Government confirms that she sufficiently notified Defendant of both claims. The Government argues that the SF-95 only asserts a claim for wrongful death and that its correspondence does not reflect that Plaintiff property presented both claims. The Court agrees with Defendant.

The SF-95 provides three blanks or boxes for the claimant to specify the amount sought. The three blanks are designated "12a. Property Damage," "12b. Personal Injury," and "12c. Wrongful Death." (Doc. 7-1, p. 3.) The instructions warn that "[f]ailure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights." (*Id.* p. 4.) On her SF-95, Plaintiff listed $1,250,000 in the blank 12c (marked "Wrongful Death"), put nothing in blanks 12a and 12b (marked "Property Damage" and "Personal Injury", respectively), and listed $1,250,000 as the "Total" amount of claim. (*Id.* p. 3.) By leaving the "Personal Injury" space blank, Plaintiff indicated that she was not pursuing a personal injury claim and that her sole claim against Defendant was for wrongful death.

Plaintiff does not dispute these points. Instead, she argues that correspondence from the VA confirms that it understood that she was asserting a claim for lost chance of survival. She points to email correspondence in which the VA noted the claim was filed "by Patricia Harris ***on behalf of*** Gilbert C. Harris" and a letter from the VA with a subject line that reads "Administrative Tort Claim -- ***Estate of*** Veteran Gilbert Harris." (Docs. 10-1, 10-2 (emphasis supplied).) Relying

on this language, Plaintiff contends that the Defendant was aware that she was asserting not only her wrongful death claim but was also asserting the Decedent's claim for lost chance of survival. However, Plaintiff's position is contrary to the Eighth Circuit's holding in *Mader*. *Mader*, 654 F.3d at 797 (8th Cir. 2011) (en banc). "[E]vidence of a representative's authority to act on behalf of the claim's beneficiaries under state law . . . is not a pointless administrative hurdle – it is fundamental to the meaningful administrative consideration and settlement process contemplated in" the FTCA. *Id*. at 803–04. Stated differently, mere notice is not sufficient to preserve a claim for lost chance of survival. The correspondence from the VA does not demonstrate that Plaintiff apprised the VA that she was asserting a personal injury claim on behalf of the Decedent' estate, or (more importantly) that she had the authority to act as the personal representative of the Decedent's estate.

In Missouri, wrongful death and lost chance of survival claims are separate and distinct. A claim for wrongful death is brought by heirs of a decedent for damages *to the heirs* caused by decedent's wrongful death. Thus, Plaintiff's representation that she was the Decedent's spouse adequately apprised the agency of her authority to bring the wrongful death claim. However, a lost chance of survival claim is a claim belonging to the decedent, and it is brought by a personal representative of the decedent on the decedent's behalf. *See* MO. REV. STAT. § 537.021. This distinction is important because "the administrative presentment requirement serves a practical purpose – it provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit. . . . . It naturally follows, then, that § 2675(a) requires the presentment of evidence of a personal representative's authority to act on behalf of a claim's beneficiaries, something totally essential to meaningful agency

consideration." *Mader*, 654 F.3d at 800–01.[2] By not specifying in the SF-95 that she intended to pursue a lost chance of survival claim and without providing the VA evidence of her authority to bring such a claim, Plaintiff failed to apprise the VA of her lost chance of survival claim.

### III.  CONCLUSION

Accordingly, Defendants' motion to Partially Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.  Count I is **DISMISSED**.

**IT IS SO ORDERED.**


                                                    /s/ Beth Phillips
                                                    BETH PHILLIPS, JUDGE
Date:  November 1, 2018                             UNITED STATES DISTRICT COURT

---

[2] The Court notes that the SF-95's instructions advise that "[i]f the claim is signed by the . . . legal representative, it must . . . be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative."  (Doc. 7-1, p. 4.)